Case 3:23-cv-00259   Document 29   Filed on 03/21/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
March 21, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ALEXANDER MARLON MEMNON, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:23-cv-00259 |
| | § | |
| DONNA BIOTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

This case arises out of an automobile accident in which Plaintiff Alexander Memnon alleges he suffered personal injuries. Defendants Donna and Richard Bioty have filed a Motion to Exclude Plaintiff's Treating Physicians from Testifying at Trial. Dkt. 20.

## THE LAW

Federal Rule of Civil Procedure 26(a)(2)(C) governs the disclosures litigants must make before presenting a non-retained expert at trial. The rule "is intended to ensure that an opposing party has some notice of what an expert witness who is not retained or specially employed will testify about." *Galvez v. KLLM Transport Servs., LLC*, 575 F. Supp. 3d 748, 756 (N.D. Tex. 2021). The disclosures mandated for non-retained experts are "considerably less extensive than the report required by Rule 26(a)(2)(B) [for retained experts]." FED. R. CIV. P. 26 advisory committee's note to 2010 amendment. This is because judges "must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." *Id.* Still, a party seeking to offer testimony from a non-retained expert must provide some level of specificity.

The proponent of a non-retained expert must disclose "(i) the subject matter on which the witness is expected to present evidence . . . ; and (ii) a summary of

the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C). A summary of the facts must include "a brief account of facts—only those on which the expert actually relied in forming his or her opinions—that states the main points derived from a larger body of information." *Tolan v. Cotton*, No. H-09-1324, 2015 WL 5332171, at *6 (S.D. Tex. Sept. 14, 2015) (quotation omitted). A summary of expert opinions "must state a view or judgment regarding a matter that affects the outcome of the case." *Id.* (quotation omitted).

When a party fails to provide the information required under Rule 26(a)(2)(C), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). In determining whether a failure to comply with Rule 26(a)(2)(C) was substantially justified or is harmless, district courts must consider "four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563–64 (5th Cir. 2004) (quotation omitted). I am required to consider these factors "holistically and . . . not mechanically count the number of factors that favor each side." *HDR Eng'g, Inc. v. Pro. Serv. Indus., Inc.*, No. 1:22-cv-00079, 2024 WL 1741815, at *3 (S.D. Tex. Apr. 4, 2024) (quotation omitted). District courts have "wide latitude" and "intelligent flexibility" to decide whether non-designated expert testimony is allowed. *Campbell v. Keystone Aerial Survs., Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998) (quotation omitted).

## ANALYSIS

Defendants contend that Plaintiff's treating physicians should be precluded from providing expert testimony at trial because Plaintiff has failed to provide an adequate summary of their expected testimonyd as required by Rule 26(a)(2)(C).

In his First Supplemental Disclosures dated June 4, 2024, Plaintiff identified six treating physicians—Dr. Mauricio Garcia Jaques, Dr. Rubeena Khan,

2

Dr. David Lin, Dr. Abhijit Patil, Dr. Jose Reyes, and Dr. Omar Vidal. *See* Dkt. 20-3 at 3–5. But those disclosures fail to provide *any* facts or *any* opinions to which each medical provider is expected to testify. Plaintiff simply listed the names of these medical providers along with an address, phone number, and medical entity with which each non-retained expert is associated. This information was provided under a heading titled "Individuals with Discoverable Information," without any further explanation or discussion. *Id.* at 2. Plaintiff did not even identify these individuals as treating physicians in his First Supplemental Disclosures. I am able to discern that the individuals mentioned are, in fact, treating physicians from the title of the motion presently before me—Defendants' Motion to Exclude Plaintiff's Treating Physicians from Testifying at Trial. In short, Plaintiff does not come close to complying with his Rule 26(a)(2)(C) obligation to provide summaries of facts and opinions for his treating doctors.

Plaintiff's failure to comply with the disclosure requirements set forth in Rule 26(a)(2)(C) does not mean that Plaintiff's non-retained experts are automatically prohibited from testifying at trial. Plaintiff's non-retained experts may still testify at trial if Plaintiff's failure to provide the information required by Rule 26(a)(2)(C) "was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). To make this determination, I must weigh the four factors identified by the Fifth Circuit.

The first factor is the importance of the evidence. In considering this factor, the Fifth Circuit has explained that the more important the witness, the more weight should be given to allowing the witness to testify. *See Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 (5th Cir. 2007). Here, Plaintiff claims the testimony of his treating physicians addressing the severity of his injuries and causation "is crucial to this case as it goes to an essential element of Plaintiff's claim which Plaintiff may be unable to prove without expert testimony." Dkt. 25 at 5. This factor thus supports allowing Plaintiff's treating physicians to testify at trial.

The second factor requires me to consider whether Defendants will be prejudiced by allowing the treating physicians to testify at trial. Defendants argue that Plaintiff's failure to identify a *single* fact or opinion his treating physicians will testify about at trial is highly prejudicial because Defendants are unable "to prepare [their] own experts in rebuttal." Dkt. 20 at 12. In response, Plaintiff insists that "Defendants will not suffer any prejudice because Defendants were aware that Plaintiff was seeking treatment for his injuries, and Plaintiff disclosed all of his treating providers during the discovery process." Dkt. 25 at 6. Plaintiff's logic is twisted. Although Defendants' experts certainly can review the medical records provided and formulate opinions based on what those medical records contain, Defendants' experts cannot be expected to prepare for any conceivable fact or opinion that Plaintiff's treating physicians may seek to offer when called to the witness stand. Without proper disclosures identifying specific facts and opinions, Defendants are left in the dark, unable to adequately prepare their own experts for trial. *See Cadena v. El Paso County*, No. 16-cv-00209, 2017 WL 11621471, at *5 (W.D. Tex. Aug. 11, 2017). This factor leans toward disallowing the treating physicians' testimony.

As to the third factor, the possibility of curing such prejudice by granting a continuance, Plaintiff argues that granting a continuance to allow him to supplement his disclosures and permit Defendants to depose the treating physicians would cure any prejudice. Defendants strongly disagree, pointing out that a continuance would result in additional delay and increased expense of defending the lawsuit. I am swayed by Defendants' argument because a continuance to allow supplemental disclosures and depositions "would require additional expenditures that may not have been required if all of the disclosures had been before the experts in a timely manner, not to mention expert review of any additional depositions that Defendants might decide would be necessary to conduct." *Id.* Accordingly, the third factor tilts toward prohibiting the treating physicians from testifying.

The fourth and final factor requires me to consider the explanation given by Plaintiff for failing to make the required Rule 26(a)(2)(C) disclosures. Plaintiff offers no explanation for his failure to comply with Rule 26(a)(2)(C). Instead, he takes the position that "his disclosures were sufficient due to the non-retained experts being the treating providers." Dkt. 25 at 8. This reasoning rings hollow. To reiterate, Plaintiff did not list a single fact or opinion that his treating physicians would testify to at trial. He merely listed their names in a supplemental disclosure as "Individuals with Discoverable Information." Dkt. 20-3 at 2. This designation is plainly insufficient, and it is a bit unsettling that Plaintiff apparently believes he can blissfully ignore Rule 26(a)(2)(C)'s disclosure requirements with impunity. As a result, this factor favors Defendants' request to preclude the treating physicians' testimony.

After consideration of all four factors, I conclude that Plaintiff's failure to submit disclosures in accordance with Rule 26(a)(2)(C) was neither substantially justified nor harmless.[1] Nonetheless, I am reluctant to prohibit the testimony of the treating physicians in their entirety. The names of the treating doctors were timely disclosed in Plaintiff's First Supplemental Disclosures and their medical records have been produced, meaning Defendants have been on notice for more than nine months that the treating physicians Plaintiff identified may, at a bare minimum, be called to testify as to what is contained in the medical providers'

---

[1] Plaintiff has also filed a Motion for Leave to File Amended Disclosures, asking that I allow Plaintiff to amend his disclosures to comply with Rule 26(a)(2)(C) even though the discovery deadline expired roughly two months ago. *See* Dkt. 26. Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). In determining whether the moving party has demonstrated good cause to modify a schedule, district courts consider four factors, which mirror those used to decide whether a failure to comply with Rule 26(a)(2)(C) was substantially justified or is harmless: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (cleaned up). I have already analyzed these four factors in connection with Plaintiff's request to excuse his failure to meet his disclosure obligations. For the same reasons, these factors do not support modifying the Docket Control Order currently in place.

records. Recently, several district courts within the Fifth Circuit have allowed treating physicians to testify, even when the party offering their testimony did not fully comply with Rule 26(a)(2)(C), so long as the testimony is "limited to personal observations, diagnoses and treatment contained in [that treating doctor's] medical records." *Chavez v. Home Depot USA, Inc.*, No. H-22-1700, 2023 WL 6119881, at *5 (S.D. Tex. Sept. 18, 2023) (cleaned up); *Moore v. DeJoy*, No. 18-12270, 2022 WL 19263947, at *6 (E.D. La. Feb. 23, 2022) (same). This is a sensible and fair approach, and one that I will adopt. I will therefore limit Plaintiff's treating physicians' testimony at trial to the facts and opinions contained in their respective medical records. To be clear, the "treating physicians may not testify about the standard of care, causation or any other opinions not contained in their medical records." *Tucker v. United States*, No. 18-4056, 2019 WL 4198254, at *3 (E.D. La. Sept. 4, 2019).

## CONCLUSION

For the reasons discussed above, Defendants' Motion to Exclude Plaintiff's Treating Physicians from Testifying at Trial (Dkt. 20) is granted in part. Plaintiff's Motion for Leave to File Amended Disclosures (Dkt. 26) is denied. The testimony of Plaintiff's treating physicians at trial is limited to the personal observations, diagnoses, and treatments contained in that treating doctor's medical records.

SIGNED this 21st day of March 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE